IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| M.G., | : |
|     Plaintiff, | : |
| v. | : Case No. 3:24-cv-41-AGH |
| COMMISSIONER OF SOCIAL SECURITY, | : |
|     Defendant. | : |

**ORDER**

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's application for supplemental security income, finding she is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends the Commissioner's decision was in error and seeks review under 42 U.S.C. § 1383(c)(3). Both parties consented for all proceedings to be conducted by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(3). As explained below, the Commissioner's decision is affirmed.

**LEGAL STANDARDS**

**I.  Standard of Review**

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987). "Substantial evidence is something more than a mere scintilla, but less than a

preponderance. If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). However, the Court must decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).[2] The Court must scrutinize the record as a whole to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1320 n.2 (11th Cir. 2020); 20 C.F.R. § 416.920(a)(1). First, the Commissioner determines whether the claimant is working. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled. *Id.* § 416.920(b). Second, the Commissioner determines the severity of the claimant's impairment or

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1330 (11th Cir. 2020).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

combination of impairments. *Id.* § 416.920(a)(4)(ii). To be considered disabled, a claimant must have a "severe impairment" which is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities[.]" *Id.* § 416.920(c). Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 to subpart P of Part 404 of the regulations (the "Listing"). *Id.* § 416.920(a)(4)(iii). Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* § 416.920(a)(4)(iv). Fifth and finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for supplemental security income on June 13, 2022, alleging that she became disabled to work on January 21, 2004. Tr. 98, 216. Her claims were denied initially on July 15, 2022, and upon reconsideration on September 1, 2022. Tr. 98-110. She timely requested an evidentiary hearing before an ALJ on September 18, 2022, and an initial hearing was held on May 9, 2023, with a supplemental hearing held on January 9, 2024. Tr. 38, 138, 80, 59. Although informed of her right to be represented by counsel or other representative, Plaintiff appeared and proceeded *pro se* at both hearings with the assistance of an American Sign Language interpreter. Tr. 38. Plaintiff's mother testified, as did two impartial vocational experts ("VE"s). Tr. 38. On February 28, 2024, the ALJ issued an unfavorable

decision denying Plaintiff's applications. Tr. 38-51. Plaintiff next sought review by the Appeals Council but was denied on April 15, 2024. Tr. 30-34. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision.[3] Her case is ripe for review. 42 U.S.C. § 1373(c)(3).

## STATEMENT OF FACTS AND EVIDENCE

On the date she filed her application, Plaintiff was eighteen years old, which is defined as a younger individual. Finding 6, Tr. 49; 20 C.F.R. § 416.963(c). She has a limited education and no past relevant work.[4] Findings 5, 7, Tr. 49. In conducting the five-step sequential analysis of her claim, the ALJ found, at step two, that Plaintiff had the severe impairment of moderately severe to severe bilateral sensorineural hearing loss. Finding 2, Tr. 41. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meet or medically equal a listed impairment found in the Listings. Finding 3, Tr. 41-42. Between steps three and four, the ALJ found Plaintiff to have the RFC to perform a full range of work at all exertional levels with non-exertional limitations requiring that Plaintiff must be given instructions in a quiet environment, face-to-face with hearing aids in place, she must avoid all exposure to work hazards, and have occasional interaction with the public. Finding 4, Tr. 42-49. At step four, the ALJ

---

[3] As she did at the administrative level, Plaintiff proceeds *pro se*. The Court considers Plaintiff's claim with the liberal construction and deference due *pro se* litigants. *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022).

[4] Plaintiff graduated high school in Athens, Georgia, in the spring of 2023, and she began attending college in Rochester, New York, in fall 2023. Tr. 82, 60.

found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Finding 9, Tr. 49-51. The ALJ, therefore, found that Plaintiff was not under a disability since the date she filed her application. Finding 10, Tr. 51.

## DISCUSSION

Plaintiff raises a single enumeration of error. She contends that the ALJ erred in finding that she did not meet Listing 2.10, which addresses hearing loss not treated with cochlear implants. Pl.'s Br. 1, ECF No. 10. The Court disagrees and finds that the ALJ's decision is supported by substantial evidence.

As an initial matter, it is not clear from Plaintiff's brief whether Plaintiff asserts that she is disabled under the Regulations. Instead, Plaintiff appears to suggest—twice—that her failure to engage in substantial gainful activity is not because she is disabled, but rather because she is a full-time student. *Id.* at 1-2. Assuming Plaintiff intends to show that she is disabled under the Regulations, the Court continues its analysis of her claim that she meets Listing 2.10.

Under the Regulations, claimants meet Listing 2.10 when they can show they have, either:

> A. An average air conduction hearing threshold of 90 decibels or greater in the better ear and an average bone conduction hearing threshold of 60 decibels or greater in the better ear . . .
>
> OR
>
> B. A word recognition score of 40 percent or less in the better ear determined using a standardized list of phonetically balanced monosyllabic words[.]

5

20 C.F.R. Pt. 404, Subpt. P, Appendix 1 § 2.10.  A pure tone test performed on February 18, 2019, which is prior to the date Plaintiff filed her application, showed that Plaintiff had a hearing threshold of 68.33 decibels ("dB") in her right ear and 58.33 dB in her left ear.  Tr. 396.  She also had word recognition of 80% bilaterally. *Id.*  Similarly, on March 10, 2022, a pure tone test demonstrated that Plaintiff had a hearing threshold of 71.67 dB in her right ear and 61.67 dB in her left ear, with word recognition of 80% in her right ear and 90% in her left ear.  Tr. 395.  Finally, on April 19, 2023, a pure tone test revealed that Plaintiff had a hearing threshold of 65 dB in her right ear and 58.33 dB in her left ear, with word recognition of 56% bilaterally.  Tr. 435.

     Plaintiff has not shown that she meets either paragraph A or B.  To meet paragraph A, Plaintiff has to show an average air conduction hearing threshold of 90 dB or greater in her better ear.  But Plaintiff's left ear—her better ear—has an average threshold of 59.44 dB.  Consequently, Plaintiff does not meet paragraph A.  The same is true of paragraph B.  To meet paragraph B, Plaintiff needs to have word recognition of less than 40% in her better ear, but Plaintiff has a minimum word recognition of 56% in her left ear.  Plaintiff, thus, does not meet paragraph B.

      Plaintiff also testified that she believed she could work full time.  Tr. 84. Indeed, she was working close to half time while in her first semester of college, and she reported she was doing well at work.  Tr. 61.  Finally, the ALJ's RFC also incorporated Plaintiff's self-reported need for face-to-face instruction.  As the first VE testified, that accommodation is typical, although one that is usually made for older

working adults. Tr. 42, 92-93.

Plaintiff supports her assertion that she meets or equals Listing 2.10 with citations to Exhibits 1A, 2A, 1F, 2F, 3F, 4F, and 5F. Pl.'s Br. 1. However, the "issue before [the Court] is whether there was substantial evidence to support the [ALJ's] decision, not whether there could be substantial evidence in the record to support a different decision." *Rodriguez ex rel. R.C. v. Berryhill*, 2021 WL 5023951 at *7 (11th Cir. 2021) (citing *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1282 (11th Cir. 2004)). "Under a substantial evidence standard of review, [Plaintiff] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (citing *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)).

Further, the evidence Plaintiff references does not support a finding that Plaintiff meets Listing 2.10. Exhibit 1A is the cover sheet for the initial disability determination—Exhibit 2A—that finds Plaintiff does not meet or medically equal a Listing. Tr. 97 (Ex. 1A), 98-103 (Ex. 2A). Exhibit 1F includes the evidence of Plaintiff's audiological test results from February 18, 2019 and March 10, 2022 that the Court discussed above. Tr. 396 (Ex. 1F Feb. 18, 2019), 395 (Ex. 1F Mar. 10, 2022). Exhibit 2F includes primary healthcare records, which do indicate that Plaintiff has hearing loss, but which are not relevant to determining whether Plaintiff medically equals Listing 2.10 because they do not include any hearing test results. Tr. 398-425. Exhibit 3F includes chart notes from audiological staff that address issues related to

the fitting of Plaintiff's hearing aids, and they do not include any hearing test results. Tr. 427-30. Exhibit 4F is a note from an audiologist indicating that Plaintiff is proficient in reading, math, and written language, and it also states that Plaintiff uses an American Sign Language interpreter to accommodate her severe hearing loss. Tr. 432-33. Finally, Exhibit 5F includes Plaintiff's audiological test results from April 19, 2023, which the Court already considered. Tr. 435. In sum, none of the evidence that Plaintiff relies on shows that she meets or medically equals Listing 2.10.

Consequently, the Court finds that substantial evidence supports the ALJ's decision, the ALJ applied the proper standard, and the ALJ's factual findings are reasonable.

## CONCLUSION

For the foregoing reasons, the determination of the Social Security Commissioner is affirmed.

**SO ORDERED**, this 7th day of May, 2025.

                                      s/ *Amelia G. Helmick*
                                      UNITED STATES MAGISTRATE JUDGE